**DISSENT; Opinion Filed November 4, 2021**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-00486-CV

**ELIZABETH JONES BOYCE, Appellant**
**V.**
**VIKI LIVESAY EBERSTEIN AND KAREN LIVESAY SHUFORD,**
**Appellees**

**On Appeal from the 95th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-00957**

## DISSENTING OPINION
Before Justices Schenck, Pedersen, III, and Garcia
Opinion by Justice Schenck

My colleagues do an excellent job of addressing what little law exists regarding Texas Rule of Civil Procedure 141 and the good cause that may support a trial court's decision to adjudge costs other than as provided by Texas Rule of Civil Procedure 131. Here, the trial judge stated two reasons for adjudging costs pursuant to Rule 141, neither of which the majority concludes may support the cost award. I agree with that conclusion. Where I depart from the majority is its conclusion that all of the costs awarded should be upheld on a basis that was argued to, but not relied upon by, the trial court in making the award.

Assuming that a benefit to the trust may ever be a valid basis for awarding costs in a manner other than that provided by Rule 131,[1] and given that basis was not the one upon which the trial court made the award, I question what amount the trial court would have awarded had it made the award on a benefit to the trust basis. Would it have been the full award of $121,000 or some other amount? Because the trial court did not state "benefit to the trust" as good cause to support the cost award, we do not know how much the trial court would have awarded had it adjudged the cost award for that reason. As the trial court informed us that he believed that the award was premised on the respective parties' ability to pay and potential merit, either of which, if valid, would have supported a full award, it seems unlikely that the costs would have been divided in this manner had the court's discretion been properly directed to the extent of benefit achieved. In other words, we do not know what amount the trial court would have awarded on that basis, and thus we cannot determine the ultimate question of abuse of discretion.

Therefore, I would reverse and remand this case to the trial court to determine whether the benefit to the trust here constitutes good cause to deviate from Rule 131, and, if so, to make a determination of the appropriate amount of the cost award against the trust. *See, e.g.*, *Rankin v. FPL Energy, LLC*, 266 S.W.3d 506, 516 (Tex.

---

[1] While I do not necessarily agree with it, I cannot fault the majority's decision in this respect given the lack of an authoritative answer or meaningful guidance on this point. Nevertheless, this will now be the first case to so hold and involves a substantial award made on an apparently improper stated basis.

App.—Eastland 2008, pet. denied) (reversing and remanding to trial court to reconsider allocation of taxable costs where stated reason was improper but record contained other information that could support Rule 141 good cause determination).

Accordingly, I dissent.


/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

200486DF.P05